\*NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

IRENE FIORELLO

                    Plaintiff,

          vs.

WAMU (a/k/a) JP MORGAN CHASE HOME
FINANCE, LPS FIELD SERVICES, ALLSTATE
INSURANCE COMPANY, JOHN DOE and
JOHN DOE COMPANY, et al.,

                    Defendants.

_____

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 10-0273 (FLW)


**OPINION**

**WOLFSON, United States District Judge:**

Previously, this Court ruled on several motions to dismiss filed by Defendants Federal

Deposit Insurance Corporation ("FDIC"), Allstate Insurance Company ("Allstate"), and LPS Field

Services ("LPS").  In an Opinion and Order dated December 22, 2010, the Court dismissed

Plaintiff Irene Fiorello's ("Plaintiff") claims against FDIC for lack of subject matter jurisdiction,

certain counts against LPS, and converted Allstate's motion to a motion for summary judgment

pursuant to Fed. R. Civ. P. 12(d).  See Fiorello v. WaMu, No. 10-0273, 2010 WL 5392923 (D.N.J.

Dec. 22, 2010).  In this matter, Plaintiff moves for reconsideration of the Court's decision

contending that certain claims in the Complaint[1] against defendant JP Morgan Chase Home

Finance ("Chase") should have survived the motions to dismiss.  In this Opinion, the Court will

_____

[1]Plaintiff's Complaint is improperly captioned as "Complaint and Third Party
Complaint."

address both Plaintiff's motion for consideration, as well as the converted summary judgment motion. For the reasons that follow, Plaintiff's motion for reconsideration is denied as moot, and Allstate's motion for summary judgment is granted.

## I.      Factual and Procedural History

Plaintiff is the owner of a residential home located at 617 Ninth Avenue, Manchester, NJ (the "Property"). Complaint, First Count, ¶ 1. The Property was purchased by securing a mortgage loan with WaMu on May 10, 2006. Id., ¶ 2. Plaintiff also obtained a home equity loan from WaMu for the same property. Id., ¶ 3. On September 25, 2008, by the order of the Office of Thrift Supervision, Order # 2008-36, WaMu was declared insolvent and FDIC was appointed as receiver. FDIC then sold the assets and only certain designated liabilities of WaMu to Chase, explicitly retaining under the purchase agreement all liabilities arising out of WaMu's pre-insolvency lending activities. Fiorello, 2010 WL 5392923, at *4. As a result, Plaintiff's mortgage was purchased by defendant, JP Morgan Chase Home Finance. Id., ¶¶ 2-3. While it is not explicitly pled, Plaintiff went into default on her mortgage. See generally, Complaint, Second Count, ¶ 4-9.

After the default, Plaintiff alleges that on four separate occasions, February 14, 2008, March 26, 2008, September 28, 2009 and October 9, 2009, WaMu[2] and its agent LPS broke into the Property, vandalized and destroyed Plaintiff's personal property, and burglarized Plaintiff's home without Plaintiff's knowledge or permission. Id., ¶ 9. In addition, Plaintiff alleges that WaMu and LPS changed the locks on the Property, precluding Plaintiff from entering the Property. Id., ¶¶ 16-20. Plaintiff alleges that under the terms of the mortgage, WaMu had the responsibility

---

[2] Plaintiff uses WaMu and Chase interchangeably in her Complaint and thus, for purposes of clarity, the Court will refer to WaMu and Chase as "WaMu/Chase."

to contact Plaintiff in the event it wanted access to the Property.  Id., ¶ 4.  These alleged "break-ins" are the subject of this suit.

Plaintiff and Chase and/or WaMu had numerous telephone conversations with Plaintiff beginning on November 30, 2007, and continuing through February 14, 2008, regarding the first and second mortgage liens on the property.  Those conversations included discussions regarding mediation and settlement, and short sale offer proposals by Plaintiff.  Despite the settlement conversations, Plaintiff alleges that WaMu and its agents engaged in the "break-ins." Id., ¶¶ 2-20.  In addition to the "break-ins," WaMu and its agents allegedly 1) failed to advise who was hired to change the locks and "winterize" the Property; (2) failed to advise who was in possession of Plaintiff's keys to the Property; and 3) failed to surrender the keys to the Manchester Police Department.  Id.  Plaintiff alleges that she reported the February 14, 2008 incident to the Manchester Police Department, as well as her insurance company, defendant Allstate.  Third Party Complaint, First Count, ¶¶ 2, 4.

Plaintiff then filed an insurance claim for theft and burglary with Allstate, under the claim #0111040713.  Third Party Complaint, First Count, ¶¶ 4-5.  The claim was considered and ultimately denied on November 14, 2008.  Allstate's Brief, Exhibit E.  Plaintiff alleges that Allstate denied Plaintiff's claim despite having an obligation to reimburse Plaintiff for destruction and/or theft of personal property resulting from the "break-ins."  Third Party Complaint, First Count, ¶¶ 8, 10.  Plaintiff further asserts that Allstate "failed to find the person or persons responsible for the burglary of Plaintiff's home."  Id., ¶ 10.

Plaintiff filed the instant action against Defendants in the Superior Court of New Jersey on December 14, 2009.  The Complaint and the Third Party Complaint assert twenty-nine counts

against Defendants, alleging a variety of causes of action, including violations of the federal constitution. Chase then removed the case to this Court on January 15, 2010, based on federal question jurisdiction. FDIC moved to substitute for Chase as the real party of interest on any claims related to WaMu's lending activities prior to Chase's purchase of Plaintiff's mortgage on September 25, 2008, and sought to dismiss the claims against it for lack of subject matter jurisdiction. Both Allstate and LPS also moved to dismiss Plaintiff's claims against them. The Court granted FDIC's motion, dismissed certain claims against LPS, and converted Allstate's motion to one of summary judgment pursuant to Fed. R. Civ. P. 12(d). Presently, Plaintiff moves for reconsideration of the Court's decision arguing that certain claims against Chase were erroneously dismissed along with claims against FDIC. The Court now addresses both the motion for reconsideration as well as the converted motion for summary judgment.

## II.    Motion for Reconsideration

Plaintiff asserts that certain claims against Chase were erroneously dismissed by the Court in its disposition of the motion to dismiss filed by FDIC. However, to the extent that Plaintiff may have misconstrued the Court's previous Opinion and its accompanying Order as holding that FDIC had assumed all claims against Chase in this matter, the Court hereby clarifies that the claims that were dismissed were only those assumed by FDIC under the September 25, 2008 Purchase Agreement between FDIC and Chase. See Fiorello, 2010 WL 5392923, at *4-5. More specifically, those claims that were dismissed only related to the alleged trespass activities by WaMu/Chase which occurred on February 14, 2008 and March 26, 2008. Any claims Plaintiff asserted in the Complaint arising out of alleged activities by WaMu/Chase that occurred after those dates – namely, on September 28, 2009 and October 9, 2009 – were not dismissed by the Court's

previous Order and they are still pending against Chase.[3]  Therefore, the Court denies Plaintiff's

motion for reconsideration as moot.  Nevertheless, the Order accompanying this Opinion will

further clarify the Court's previous rulings.

### III.       Motion for Summary Judgment

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing

the facts in the light most favorable to the non-moving party, the moving party is entitled to

judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n. 1 (3d Cir.

2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56(c).

For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury

could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir.

2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether a

genuine issue of material fact exists, the court must view the facts and all reasonable inferences

drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d

Cir. 2002).  For a fact to be material, it must have the ability to "affect the outcome of the suit

under governing law." Kaucher, 455 F.3d at 423.  Disputes over irrelevant or unnecessary facts

will not preclude a grant of summary judgment.

Initially, the moving party has the burden of demonstrating the absence of a genuine issue

of material fact. Celotex Corp., 477 U.S. at 323.  Once the moving party has met this burden, the

---

[3]        However, as the Court noted in its previous opinion, Plaintiff makes no other
factual allegations in connection with the alleged activities of WaMu/Chase that occurred on
March 26, 2008, September 28, 2009, and October 9, 2009 – other than that WaMu/Chase broke
into the subject property on those dates.

nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Monroe v. Beard, 536 F.3d 198, 206-07 (3d Cir. 2008).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Id. at 206 (quoting Matsushita, 475 U.S. at 586). Moreover, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial."  Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322.

Moreover, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. S.E.C. v. Antar, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

In the original motion to dismiss filed by Allstate, Allstate asserted that Plaintiff's claims against it should be dismissed because a contractual statute of limitations, contained in Plaintiff's insurance policy, had expired.  To support its assertion, Allstate submitted a copy of the insurance policy bearing Plaintiff's name and address, the address of the insured property, the mortgage lender, and other pertinent information.  See Allstate Policy #909636639 dated May 1, 2007

("Policy"), pp. 1-4.  The policy contained a "suit limitation clause" which states, "[n]o suit or

action may be brought against us unless there has been full compliance with all policy terms.  Any

suit or action must be brought within one year after the inception of loss or damage."  Id. at p. 28.

Allstate argues that because Plaintiff did not file the instant action until December 14, 2009, more

than a year after any possible date that could be construed as the date of loss, the statute of

limitation has expired.  In deciding Allstate's previous motion, the Court found that it could not

properly rule on this issue based upon the pleadings and thus, converted the motion to dismiss to

a summary judgment motion and instructed the parties to submit additional evidence on this

matter.  Fiorello, 2010 WL 5392923, at *6.  In response, Plaintiff and Allstate submitted additional

briefs.

Plaintiff opposes Allstate's motion on several grounds.  First, Plaintiff contends that the

copy of the Policy submitted by Allstate is not the policy which she signed.  Plaintiff claims that

the first four pages of the copy is the same, but the remaining pages, which contained the statute

of limitations clause, are not part of the policy and that she has never seen those pages.  A review

of the Policy documents belies Plaintiff's statement.  On the fourth page of Allstate's submission,

the authenticity of which Plaintiff does not contest, it states that one of the attachments

accompanying the Policy is a "Deluxe Policy form PNJ36-1."  See Policy, at p. 4.  After page four,

a copy of form PNJ36-1 is attached; indeed, form PNJ36-1 appears to be standard boiler-plate

insurance terms which contain the contractual statute of limitations language.[4]  Id. at p. 8.  Beyond

---

[4]      Plaintiff also asserts that the policy documents have not been amended since
1942.  To support this assertion, Plaintiff points to a revision date in the documents submitted by
Allstate.  However, the only revision date the Court could find was one contained in the
"Lender's Loss Payable Endorsement" form, PNJ74.  See Policy, at p. 60.  There is no indication
that form PNJ36-1 was last revised in 1942.

Plaintiff's conclusory assertions, which were not made in a certification, that the policy provided

by Allstate is not the same one she signed, Plaintiff des not furnish the Court with her own copy

of the policy or any other evidence to show that the policy documents provided to the Court by

Allstate are not genuine. Anderson, 477 U.S. at 256-57 ("Rule 56(e) itself provides that a party

opposing a properly supported motion for summary judgment may not rest upon mere allegation

or denials of [her] pleading, but must set forth specific facts showing that there is a genuine issue

for trial. . . . [T]he plaintiff must present affirmative evidence in order to defeat a properly

supported motion for summary judgment."). As such, the Court finds Plaintiff's contention

without merit on this basis.

Next, Plaintiff argues that she never received the final denial letter sent by Allstate on

November 14, 2008, denying Plaintiff's insurance claim. Plaintiff appears to argue that the date

of loss referred to in the contractual statute of limitations should be construed as the date on which

she received actual notice of the final denial. In that regard, Plaintiff maintains that because she

did not receive actual notice on November 14, 2008, the statute of limitations should not have

begun to run on November 14, 2008.[5] It is clear from Plaintiff's own pleadings, however, that she

indeed received notice that her insurance claim was denied; in fact, the denial was the basis of her

claims against Allstate. In that connection, Plaintiff provides no evidence to show how she became

aware of the denial. Without such evidence, even if the Court were to adopt Plaintiff's definition

of date of loss – when actual notice was received – the only date in the record is Allstate's denial

---

[5]     Allstate proposes that the date of loss can either be construed as the date of actual
theft/vandalism, February 14, 2008, or the date on which Allstate claims it received first notice of
Plaintiff's insurance claim, which is May 15, 2008. Nonetheless, as discussed infra, even if the
Court adopts Plaintiff's construction, the statute of limitations would have expired.

letter, which is November 14, 2008. In fact, Plaintiff concedes that the statute of limitations period starts no later than November 14, 2008. Plaintiff's Letter Brief in Opposition to Allstate's Motion for Summary Judgment ("Letter Brief"), at 2. Accordingly, for the purpose of this motion, the one year statute of limitations period started on November 14, 2008 and ended on November 14, 2009. Because Plaintiff filed her Complaint on December 14, 2009, the statute of limitations had expired.

However, in analyzing the statute of limitations, the Court is mindful that statute of limitations may be tolled by the doctrine of equitable tolling. Equitable tolling freezes "the statute of limitations from running when the date on which the claim accrued has already passed." Lake v. Arnold, 232 F.3d 360, 370 (3d Cir.2000). The doctrine permits a court "to extend a statute of limitations on a case-by-case basis to prevent inequity." Colletti v. N.J. Transit Corp., 2002 WL 1769006 (3d. Cir.2002) (quoting Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000)). Although the Third Circuit cautions that the doctrine of equitable tolling must be used sparingly "to guard against possible misuse," Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir.1999), this caution should not enfeeble the primary function of the doctrine, which is to "prevent a party from profiting from its own wrongdoing." Lake, 232 F.3d at 370 (citing Oshiyer v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1388 (3d Cir.1994).

Equitable tolling may be appropriate in three scenarios: (1) when the defendant has actively misled the plaintiff respecting the facts which comprise the plaintiff's cause of action; (2) when the plaintiff in some extraordinary way has been prevented from asserting her rights; or (3) when the plaintiff has timely asserted her rights in the wrong forum. U.S. v. Midgley, 142 F.3d 174, 179 (3d Cir.1998) (quoting Kocian v. Getty Refining & Mktg. Co., 707 F.2d 748, 753 (3d Cir.1983)). Equitable tolling is therefore "appropriate in order to avoid unjust results where there has been

fraudulent concealment." Solar v. Millenium Fin., Inc., No. 01-4327, 2002 WL 1019047, at *2

(E.D. Pa. 2002). When the statute of limitations is contractual in nature, equitable tolling has been

applied in instances when plaintiff has been misled or "tricked" into missing the deadline. Trinity

Church v. Lawson-Bell, 394 N.J.Super. 159, 171 (App. Div. 2007). Furthermore, to meet the

standard of equitable tolling, a plaintiff must demonstrate that she "exercised reasonable diligence

in investigating and bringing the claims." Miller v. N.J. Dep't of Corrections, 145 F.3d 616,

618-19 (3d Cir. 1998).

In this case, Plaintiff does not assert that she was misled by Allstate from filing this lawsuit,

nor does Plaintiff contend that any extraordinary circumstances prevented her from asserting her

claims in court. Instead, Plaintiff asserts that her filings were timely because she initiated this

action in the Superior Court of New Jersey, Chancery Division in Ocean County on October 21,

2009. Essentially, Plaintiff appears to argue that she is entitled to equitable tolling under the

mistaken forum prong of the doctrine. To support her assertion, Plaintiff submits a copy of the

first page of a "complaint" Plaintiff filed on October 21, 2009, in state court as proof that she

timely asserted her claims against Allstate. Letter Brief, Exhibit A.

A search of New Jersey law did not reveal any case in which a court applied the equitable

tolling to contractual statute of limitations. However, even if the Court were to allow such

equitable tolling, Plaintiff would not prevail. An examination of Plaintiff's submission reveals that

this document was an Answer and Counterclaim in response to another suit initiated by

WaMu/Chase.[6] Plaintiff admits that when she initially submitted this document to the state court,

---

[6]It appears that this suit was a foreclosure action filed by Chase in response to the default of Plaintiff's mortgage.

the law clerk informed her that she erroneously identified herself as "plaintiff" in the Answer and

Counterclaim, when she in fact remained the defendant in that matter.  Letter Brief, at p. 2.  Indeed,

Plaintiff's assertion is plainly contradicted by the state court docket, which indicates that the

instant matter was initiated by Plaintiff on December 14, 2009.[7]  See Notice of Removal, Exhibit

A.  As such, Plaintiff's evidence of a "complaint" does not amount to a timely filing in the wrong

forum deserving of equitable tolling.  In addition, despite ample opportunities and time,[8] Plaintiff

has failed to submit any other evidence that would tend to show that she committed an excusable

mistake.

IV.     **Conclusion**

In sum, the Court finds that Allstate has satisfied its burden of establishing a valid

contractual statute of limitations, and that statute of limitations has expired.  Plaintiff has failed

to provide sufficient factual basis to establish a genuine issue of fact or that equitable tolling

should be applied.  For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**

as moot.  In addition, Defendant Allstate's motion for summary judgment is **GRANTED**, and

Plaintiff's claims against Allstate in the Complaint are **DISMISSED**.  An appropriate Order shall

follow.

---

[7]Indeed, the state court docket number for this matter before it was removed was L-6130-09, which is a different docket number than the foreclosure action, F-24022-08.

[8]The Court's previous Order converting the motion to dismiss to a summary judgment motion directed the parties to submit any additional evidence by January 11, 2011. However, the Court granted Plaintiff additional time until February 7, 2011, to submit her supplemental brief.

11

Date: March 1, 2011

    /s/ Freda L. Wolfson

The Honorable Freda L. Wolfson

United States District Judge